**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MONTANA**

**BILLINGS DIVISION**

| | |
|---|---|
| **DAVIN R. HALL,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**MICHAEL J. ASTRUE, Commissioner of Social Security,**<br><br>**Defendant.** | **CV 10-38-BLG-CSO**<br><br>**ORDER REMANDING** |

Plaintiff Davin R. Hall ("Hall") instituted this action to obtain judicial review of the decision of Defendant, Commissioner of Social Security ("Commissioner"), denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-433. *Complt. (Court Doc. 1).* By Notice of Assignment filed June 8, 2010, upon the parties' consent, this case was assigned to the undersigned for all purposes. *Court Doc. 8.*

Now pending are the parties' cross-motions for summary judgment. *Court Docs. 12* (Hall's motion) and *17* (Commissioner's motion). For the reasons stated below, the Court will: grant Hall's

motion to the extent he seeks remand; deny the Commissioner's motion; and remand to the Commissioner for further proceedings consistent with this Order.

# I. PROCEDURAL BACKGROUND

## A. Hall's Previous Action

As reflected in the record of *Hall v. Astrue*, CV 06-65-BLG-CSO ("previous action"), a matter previously before this Court, Hall filed a prior DIB application on September 17, 2003. *See* CV 06-65-BLG-CSO, *Court Doc. 31 at 2*. He alleged that he had been unable to work since July 31, 2003, because of "degenerative disk disease, compression fractures[,] spinal arthritis (some)[,] depression, [and] anxiety." *Id.*

The Social Security Administration ("SSA") denied Hall's previous application initially and on reconsideration. An Administrative Law Judge ("ALJ") held an administrative hearing on January 5, 2005, at which Hall appeared with counsel. The ALJ issued a written decision dated August 22, 2005, in which he found that Hall was not disabled

within the meaning of the Act.[1] The Appeals Council denied Hall's request for review. *Id.*

Hall then initiated an action in this Court. In an Order filed on April 17, 2007, the undersigned affirmed the Commissioner's decision denying benefits. *Id. at 24.* In doing so, this Court concluded that the ALJ's decision denying benefits was supported by substantial evidence in the record and was free of legal error. *Id. at 7.* Also, the Court expressly rejected Hall's arguments that the ALJ erred: (1) in failing to properly consider the opinions of his treating physician, Dr. Trotsky, and his treating mental health professional, Ms. Suden; (2) in failing to afford greater weight to the Department of Veterans Affairs ("VA") determination that Hall had been 100 percent disabled since July 31, 2003; and (3) in his consideration of Hall's credibility. *Id. at 9-23.*

On April 17, 2007, the Clerk of Court entered Judgment in the Commissioner's favor. *See CV 06-65-BLG-CSO, Court Doc. 32.* Hall did not appeal.

**B. <u>Hall's Present Action</u>**

---

[1]The ALJ's written decision is found in the transcript (designated herein as "Tr.") of this action at pages 16 through 28.

On September 21, 2005 – that is, one month after the ALJ's decision denying his claim in the previous action and approximately 18 months before this Court affirmed that decision – Hall filed the DIB application that is the subject of this action. *Tr. 532-34.* The SSA denied his application initially and upon reconsideration. *Tr. 518-19, 522-23, and 527-29.*

On July 25, 2007, an ALJ, different from the one who decided Hall's previous DIB claim, held a hearing at which Hall appeared with counsel. *Tr. 823-75.* On March 4, 2008, the ALJ issued a written decision denying Hall's claims. *Tr. 467-82.* On March 3, 2010, the Appeals Council denied Hall's request for review (*Tr. 444-48*),[2] making the ALJ's determination the Commissioner's final decision for purposes of judicial review. 20 C.F.R. § 404.981 (2009). Hall filed this action on April 12, 2010. *Civil Complaint (Court Doc. 1).* This Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

---

[2]It is unclear to the Court, on the present record, why it took the Appeals Council two full years to deny Hall's request for review.

## II. STANDARD OF REVIEW

As stated in Hall's previous action, this Court's review is limited. The Court may set aside the Commissioner's decision only where the decision is not supported by substantial evidence or where the decision is based on legal error. *Ryan v. Commr. of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008); 42 U.S.C. § 405(g). "Substantial evidence is more than a mere scintilla, but less than a preponderance." *Id.* (citing *Bayliss v. Barnhart*, 427 F.3d 1211, 1214, n.1 (9th Cir. 2005) (internal quotation marks omitted)). "It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks and citation omitted). The Court must consider the record as a whole, weighing both the evidence that supports and detracts from the Commissioner's conclusion, and cannot affirm the ALJ "by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (internal quotation marks and citation omitted). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. "Where the evidence is susceptible to more than

one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (internal citation omitted).

## III. BURDEN OF PROOF

As explained in Hall's previous action, a claimant is disabled for purposes of the Act if: (1) the claimant has a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months, and (2) the impairment or impairments are of such severity that, considering the claimant's age, education, and work experience, the claimant is not only unable to perform previous work, but the claimant cannot "engage in any other kind of substantial gainful work which exists in the national economy." *Schneider v. Commr. of Soc. Sec. Admin.*, 223 F.3d 968, 974 (9th Cir. 2000) (citing 42 U.S.C. § 1382c(a)(3)(A)-(B)).

In determining whether a claimant is disabled, the Commissioner follows a five-step sequential evaluation process. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); 20 C.F.R. § 404.1520(a)(4)(i)-(v).

1. The claimant must first show that he or she is not currently engaged in substantial gainful activity. *Tackett*, 180 F.3d at 1098.

2. If not so engaged, the claimant must next show that he or she has a severe impairment. *Id.*

3. The claimant is conclusively presumed disabled if his or her impairments meet or medically equal one contained in the Listing of Impairments described in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (hereafter "Listing of Impairments"). *Id.* If the claimant's impairments do not meet or medically equal one listed in the regulations, the analysis proceeds to the fourth step.

4. If the claimant is still able to perform his or her past relevant work, he or she is not disabled and the analysis ends here. *Id.* "If the claimant cannot do any work he or she did in the past, then the claimant's case cannot be resolved at [this step] and the evaluation proceeds to the fifth and final step." *Id.* at 1098-99.

5. If the claimant is unable to perform his or her past relevant work due to a "severe impairment (or because [he or she does] not have any past relevant work)" the court will determine if the claimant is able to make an adjustment to perform other work, in light of his or her residual functional capacity, age, education, and work experience. 20 C.F.R. § 404.1520(g). If an adjustment to other work is possible then the claimant is not disabled. *Tackett*, 180 F.3d at 1099.

The claimant bears the burden of proof at steps one through four, but at the fifth step the Commissioner bears the burden of establishing that there is other work in significant numbers in the national economy that

the claimant can perform. *Id.* The Commissioner can meet this burden via the testimony of a vocational expert or reference to the Medical-Vocational Guidelines at 20 C.F.R. Pt. 404, Subpt. P, App. 2. *Id.* If the Commissioner is unable to meet this burden then the claimant is disabled and entitled to benefits. *Id.*

## IV. THE ALJ's OPINION

The ALJ followed the five-step sequential evaluation process in considering Hall's claim. First, the ALJ found that Hall has not engaged in substantial gainful activity since his alleged onset date of August 23, 2005. *Tr. 469.*[3]

Second, the ALJ found that Hall has the following severe impairments: "degenerative changes in the cervical, thoracic, and lumbar spine, chronic pain, depression and an unspecified anxiety disorder." *Id.* (citation omitted).[4]

---

[3]As is evident from the record, this date is the day following the ALJ's denial of Hall's claim in the previous action. *See Tr. 28.*

[4]The ALJ also noted that Hall has been diagnosed with mild obstructive sleep apnea but determined that it is not "severe" as contemplated in the Act and under applicable Social Security regulations. *Tr. 470.*

Third, the ALJ found that Hall does not have an impairment or a combination of impairments that meets or medically equals any one of the impairments in the Listing of Impairments. *Tr. 470.*

Fourth, the ALJ found that Hall has the residual functional capacity ("RFC"):

> for lifting and carrying up to 20 pounds occasionally, and up to 10 pounds frequently. He can stand and walk for two hours in an eight-hour workday. He can sit for six hours in an eight-hour workday. Pushing/pulling with the upper and lower extremities is limited to the same weight as for lifting and carrying. [He] will do best in jobs where he can avoid frequent contact with the general public. He can tolerate being around co-workers and supervisors (SSR 96-8p). The residual functional capacity outlined above is generally consistent with a limited range of seated light work. If someone can do light work, we determine that he can also do sedentary work. (20 CFR 404.1567(b)).

*Tr. 471.*

In assessing Hall's RFC, the ALJ stated that Hall "has not successfully rebutted the presumption of continuing nondisability" from the prior decision. *Tr. 467.* The ALJ then "adopted the [RFC] from the prior ... decision." *Id.*

The ALJ also found that Hall is unable to perform any of his past relevant work as a field representative, truck driver, or radio

technician. *Tr. 480-81*. She found that Hall's RFC is not compatible with any of Hall's past relevant work. *Tr. 481*.

Fifth, the ALJ found that Hall could perform jobs that exist in significant numbers in the national economy in light of his age (31 years old, which is defined as a younger individual, at the time of his alleged onset date), education (at least high school), work experience, and RFC. *Tr. 18*. Specifically, she found that Hall could perform work in representative light, unskilled occupations that allow for sitting, including work as an agricultural sorter, parking lot attendant, and parking enforcement officer. *Tr. 481-82*. The ALJ also found that Hall could perform work in representative sedentary unskilled occupations such as addresser and document preparer. *Tr. 482*. Consequently, the ALJ found that Hall was not disabled. *Id.*

## V. PARTIES' ARGUMENTS

### A. Hall's Arguments

Hall argues that the ALJ erred in the following five ways: (1) by concluding that Hall failed to rebut the presumption of continuing non-disability and adopting the RFC from the prior decision, *Hall's Opening*

*Br. (Court Doc. 13) at 2-6*; (2) by failing to properly credit the opinions of treating physician Dr. Trotsky, treating psychiatrist Dr. Van Dyk, and nurse practitioner Boschee while improperly crediting the opinions of state agency medical consultants, *id. at 6-18*; (3) by failing to properly credit Hall's VA disability rating, *id. at 18-20*; (4) by failing to properly evaluate Hall's credibility, *id. at 20-25*; and (5) by relying on flawed vocational evidence in determining that Hall could perform certain jobs, *id. at 25-27.*

**B. The Commissioner's Arguments**

In response, the Commissioner argues that the ALJ relied on substantial evidence in the record and applied correct legal standards in finding Hall not disabled under the Act. *Commissioner's Opening Br. (Court Doc. 18) at 18.* With respect to Hall's specific allegations of error, the Commissioner refutes each one as follows:

First, the Commissioner acknowledges that the ALJ "inaccurately stated that [Hall] failed to rebut the presumption of continuing non-disability." *Id. at 16.* The Commissioner concedes that the ALJ's inaccurate statement "was inconsistent with the ALJ's finding of an

additional severe impairment of 'depression and an unspecified anxiety disorder[,]'" because "[d]emonstrating a new impairment is sufficient to rebut the presumption of continuing non-disability." *Id. at 17* (citations omitted). Despite this inaccurate statement, the Commissioner argues, the ALJ did not err. He argues that Hall was not prejudiced because the ALJ properly adopted the previously-determined RFC when she "thoroughly discussed the medical and testimonial evidence of record" and only then determined that the prior RFC should be adopted. *Id.*

Second, the Commissioner argues that the ALJ did not err with respect to her consideration of Hall's medical evidence. *Id. at 6-13.* The Commissioner argues that the ALJ: (1) properly rejected Dr. Trotsky's opinions, *id. at 7-9*; (2) properly gave weight to Dr. Van Dyk's opinion that Hall's mental impairments did not limit his ability to work, but properly rejected his opinions concerning Hall's physical impairments, *id. at 9-11*; and (3) reasonably gave weight to the opinions of state agency, non-examining physicians and psychologists who reviewed the medical records and provided rationale for their opinions, *id. at 11-12.*

Also, the Commissioner concedes that the ALJ erred in failing to discuss nurse practitioner Boschee's opinion that Hall was "unable to work." *Id. at 12.* But, the Commissioner argues that this error was harmless. *Id. at 12-13.*

Third, the Commissioner argues that the ALJ gave sufficient reasons for affording Hall's VA disability rating less than "great weight." *Id. at 14-15.*

Fourth, the Commissioner argues that the ALJ did not err in determining that Hall was less than entirely credible with respect to the intensity, persistence, and limiting effects of his symptoms. *Id. at 2-6.* But, the Commissioner concedes that the ALJ erred in considering Hall's financial interest in obtaining benefits as part of her analysis of his credibility. *Id. at 6.* The Commissioner argues that this error was harmless, however, as the ALJ's credibility determination remained legally valid despite this error because she offered other clear and convincing reasons for questioning Hall's credibility. *Id.*

Fifth, the Commissioner argues that the ALJ properly found Hall not disabled at the fifth step of the sequential evaluation process. *Id. at 18*.

## VI. DISCUSSION

The primary issues before the Court are whether substantial evidence supports the ALJ's decision, and whether the ALJ's decision is free of legal error. For the reasons set forth below, and applying controlling Ninth Circuit authority, the Court concludes that the ALJ's decision is sufficiently infused with legal error to warrant remand. Three specific instances of error inform the Court's conclusion.

First, as noted, the Commissioner acknowledges that Hall rebutted the presumption of continuing non-disability resulting from adjudication of Hall's previous DIB claim. *Court Doc. 18 at 16-17*. The Commissioner argues that the ALJ's erroneous statement that Hall failed to rebut the presumption should not alter the result in this case because the error did not prejudice Hall. *Id. at 17*.

On the current record, the Court cannot conclude, as the Commissioner urges, that Hall was not prejudiced by the ALJ's

inaccurate statement that he failed to overcome the presumption of continuing non-disability. Because the ALJ stated in her written opinion that Hall had failed to overcome the presumption, the Court must assume that she applied the presumption in reviewing all of the evidence. As discussed above and as conceded by the Commissioner, this was legal error.

The Court declines the Commissioner's invitation to overlook this transgression. Erroneously applying a presumption to so significant an issue in this type of case undermines the validity of the ALJ's entire decision. The Court must remand to allow the ALJ to view the evidence without the overlay of the erroneous presumption of continuing non-disability.

Second, the Commissioner concedes that the ALJ failed to mention nurse practitioner Boschee's statement in a report that Hall was "unable to work." *Court Doc. 18 at 12-13.* The Commissioner argues, however, that any error was harmless because no reasonable ALJ would have reached a different result in light of how inconsistent

this opinion was with a great deal of other medical evidence in the record. *Id.*

In the Ninth Circuit, an ALJ's failure to address lay witness testimony is harmful error if the ignored testimony contradicts the ALJ's ultimate description of a claimant's abilities. *See Stout v. Commissioner of Social Security*, 454 F.3d 1050, 1053-54 (9th Cir. 2006). The only exception is if the reviewing court "can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Id.* at 1056.

Here, in light of the foregoing discussion, the Court cannot confidently conclude that no reasonable ALJ, fully crediting Boschee's July 24, 2003, statement that Hall is "unemployable at this time" and is "unable to work," could have reached a different conclusion. On remand, the ALJ will have an opportunity to consider Boschee's statements without the erroneous application of the presumption of continuing non-disability.

Third, the Commissioner concedes that the ALJ should not have considered whether Hall had a financial interest in seeking DIB. *Court*

*Doc. 18 at 6.* Although the ALJ expressly stated that she did not view Hall's financial interest as a "controlling factor" in evaluating his impairments, the Commissioner nonetheless acknowledges that it was error for her to even consider his financial interest. *Tr. 473 at n.1; Court Doc. 18 at 6.* But, the Commissioner argues, the error was harmless because of the other bases upon which the ALJ relied in making her determination of Hall's credibility. *Court Doc. 18 at 6.*

In the Ninth Circuit, when "reviewing the ALJ's credibility determination where the ALJ provides specific reasons supporting" the determination, "[s]o long as there remains 'substantial evidence supporting the ALJ's conclusion on ... credibility' and the error 'does not negate the validity of the ALJ's ultimate [credibility] conclusion,' such is deemed harmless and does not warrant reversal." *Carmickle v. Commissioner, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (emphasis and citations omitted).

Here, as noted above, other errors warrant remand to the Commissioner. Remand will afford the ALJ an opportunity to consider

Hall's credibility without erroneously considering whether Hall had a financial interest in seeking DIB.

## VII. CONCLUSION

Based on the foregoing, **IT IS ORDERED** that Hall's motion for summary judgment (*Court Doc. 12*) be GRANTED to the extent he seeks remand and that the Commissioner's motion for summary judgment (*Court Doc. 17*) be DENIED.

**IT IS FURTHER ORDERED** that this matter is REMANDED to the Commissioner for further proceedings consistent with this opinion. Pursuant to 42 U.S.C. § 405(g)[5] and Fed. R. Civ. P. 58, the Clerk of Court is directed to enter judgment accordingly, and to notify the parties of the making of this Order.

---

[5]The remand Order is entered pursuant to sentence four of 42 U.S.C. § 405(g) which provides:

> The court shall have power to enter, upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

The Clerk of Court is directed to enter Judgment accordingly.

DATED this 8th day of November, 2010.

/s/ Carolyn S. Ostby
United States Magistrate Judge