IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| DAVIN R. HALL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of<br>Social Security,<br><br>　　　　　Defendant. | CV 10-38-BLG-CSO<br><br><br>ORDER GRANTING MOTION<br>FOR AWARD OF ATTORNEY<br>FEES UNDER<br>42 U.S.C. § 406(b)(1) |

Before the Court is a motion by Plaintiff's counsel for attorney fees under 42 U.S.C. § 406(b)(1). *ECF 26.* Defendant Acting Commissioner of Social Security ("Commissioner") filed a response taking no position on the motion. She noted, however, that to the extent the Court requires a response, she has no objection to the motion. *ECF 29.*

I.　BACKGROUND

On September 21, 2005, Plaintiff Davin R. Hall ("Hall") filed an application for disability insurance benefits ("DIB") alleging disability starting August 23, 2005. *Affirmation in Support of Mtn. (ECF 28) at ¶*

1

*2.* The Social Security Administration ("SSA") denied the application. Hall requested a hearing before an administrative law judge ("ALJ") and retained counsel to represent him. *Id.* After the hearing, the ALJ issued a decision finding Hall not disabled. Hall sought review by the Appeals Council, which denied his request for review, making the ALJ's decision final for purposes of judicial review. *Id.* at ¶ 3; *see also* 20 C.F.R. § 404.981.

Hall decided to appeal the Commissioner's decision in this Court. *Id. at ¶ 4.* He executed a retainer agreement authorizing the Binder & Binder law firm to represent him on appeal. *Id.*; *see also Retainer Agreement & Assignment (ECF 28-1) at 2.* The agreement provides, among other things, that if the federal court remands Hall's case to the SSA and Hall ultimately is awarded DIB, he will pay his attorneys 25 percent of past-due benefits upon approval by the federal court. *ECF 28 at ¶ 4; ECF 28-1 at 2.*

Hall filed an action appealing the Commissioner's decision in this Court on April 12, 2010. *Id. at ¶ 5; see also Cmplt. (ECF 1).* On November 8, 2010, the Court, after considering the briefing and

administrative record, remanded the matter to the Commissioner for further proceedings and entered Judgment. *ECF 28 at ¶ 7; see also ECF 20 and 21*. Hall sought an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, and the Court awarded $6,141.16 in EAJA fees. *ECF 28 at ¶ 8*.

On remand to the Commissioner: (1) the Appeals Council vacated the Commissioner's final decision and remanded for another administrative hearing, *id. at ¶ 9*; (2) a different ALJ held a second administrative hearing and found Hall not disabled, *id.*; (3) Hall again requested review by the Appeals Council, which remanded the matter back to an ALJ for further proceedings, *id.*; and (4) the ALJ who first presided over Hall's claim held a third hearing and later issued a written decision finding Hall disabled under the Social Security Act, and thus entitled to a DIB award, *id. at ¶ 10*.

In a letter dated July 22, 2014, the SSA notified Hall of his entitlement to monthly DIB beginning in February 2006. Among other information in the letter, the SSA informed Hall that his first check would be for $93,233.92, which was the amount he was due through

3

July 2014. *ECF 28-1 at 7*. The letter also advised Hall that the SSA withheld from his past-due benefits $31,077.98 "in case we need to pay your lawyer." *Id. at 9*. Thus, the total amount of Hall's past-due benefits was $124,311.90, which amount reflects $93,233.92 plus $31,077.98 (which amount reflects approximately 25 percent of the total amount of past-due benefits).

## II. LEGAL STANDARD

A district court entering judgment favorable to a DIB claimant represented by an attorney before the court "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. § 406(b)(1)(A). The Ninth Circuit, in *Crawford v. Astrue*, 586 F.3d 1142 (9th Cir. 2009) (*en banc*), outlined how district courts are to determine whether requested attorney fees are reasonable.

Relying on the U.S. Supreme Court's decision in *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), the Ninth Circuit in *Crawford* noted that a reviewing court "must respect the primacy of lawful attorney-

4

client fee agreements ... looking first to the contingent-fee agreement, then testing it for reasonableness." *Crawford*, 586 F.3d at 1148 (*quoting Gisbrecht*) (internal citations and quotation marks omitted). The reviewing court, when testing a contingent-fee agreement for reasonableness, may reduce fees "if the attorney [1] provided substandard representation, or [2] engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or [3] if the benefits are large in comparison to the amount of time counsel spent on the case." *Id.* at 1148 (citation and internal quotation marks omitted). To assist it in its determination, a reviewing court may also "require counsel to provide a record of the hours worked and counsel's regular hourly billing charge for noncontingent cases." *Id.* Ultimately, however, "[t]he attorney bears the burden of establishing that the fee sought is reasonable." *Id.*

### III. DISCUSSION

Hall's counsel seek the Court's approval of a contingency fee of $23,000.00. *Mem. of Law in Support of Hall's Mtn. for Fees (ECF 27) at 3*. They also represent in their supporting memorandum that they sent

5

to Hall a copy of their motion requesting Court approval of their fee request. *Id.* The amount sought, $23,000.00, is 18.5 percent of the total $124,311.90 past-due benefits awarded to Hall. Thus, the requested fees are well-below the 25 percent cap allowed under 42 U.S.C. § 406(b).

Applying the authority discussed above, the Court concludes that the amount sought is reasonable. First, there is no evidence in the record that Hall's attorneys provided "substandard representation." They took what the record reflects was a rather difficult case and achieved a favorable result for Hall. It cannot be said that their legal representation of Hall fell below acceptable standards in such cases. Also, there is no indication anywhere in the record that the contingent-fee agreement was obtained by fraud or any sort of overreaching. Also, as noted, Hall was sent a copy of his attorneys' motion now before this Court, and he has not submitted any argument or proof that the agreement was in any way improper.

Second, there is no evidence in the record that Hall's attorneys "engaged in dilatory conduct" in an effort to drive up the amount of

6

past-due benefits. It is true that this matter took more than eight years to resolve – from the filing of Hall's DIB application in September 2005 to the third and final ALJ decision finding Hall disabled on May 29, 2014. But that lengthy period can be readily attributed to the matter's convoluted procedural history, which included three administrative hearings, three ALJ decisions, three Appeals Council proceedings, and one action in federal court. Nothing in the record indicates that Hall's attorneys were solely responsible for any unnecessary delay at any stage of the proceedings.

Third, the requested amount of fees is "significantly lower than the fees bargained for in the contingent-fee agreements[.]" *Crawford*, 586 F.3d at 1151. As noted, the contingent-fee agreement allows for fees in the amount of 25 percent of past-due benefits. But Hall's attorneys' request for $23,000.00 represents only 18.5 percent of past-due benefits.

Also, the Court notes that the fees requested are "not excessively large in relation to the benefits achieved." *Crawford*, 586 F.3d at 1151. Hall's attorneys, much like the attorneys seeking fees in the three cases

combined for decision in *Crawford*, "voluntarily evaluated the fees in comparison to the amount of time spent on the case ... [and] voluntarily reduced those fees substantially from the allowable 25%." *Id*. at 1151-52.

Finally, the Court notes, as the Ninth Circuit recognized in *Crawford*, that attorneys in DIB cases "receive no percentage of the substantial future benefits paid to the claimants following their successful representation." *Id*. at 1152. In addition, attorneys representing Social Security claimants "assume[ ] significant risk in accepting these cases, including the risk that no benefits w[ill] be awarded or that there [could] be a long court or administrative delay in resolving the case[ ]." *Id*. The latter risk certainly was realized in this case. And counsel have waited long enough for compensation for the work they performed. *See id.*

Hall's counsel have met their burden of establishing that the fee they seek is reasonable. The Court will grant their motion.

## IV. **CONCLUSION**

Based on the foregoing, IT IS ORDERED that the motion by Plaintiff's counsel for an award of attorney fees under 42 U.S.C. § 406(b)(1) (*ECF 26*) is GRANTED in the amount of $23,000.00. The SSA is directed to pay Hall's attorneys their requested $23,000.00 in fees and to release the balance of the withheld past-due benefits to Hall. Hall's counsel are directed to remit to Hall $6,141.16 in EAJA fees that they previously received.

DATED this 30th day of September, 2014.

/s/ Carolyn S. Ostby
United States Magistrate Judge